UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BEVERLY JOHNSON, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-2083 |
| § | |
| NATIONSTAR MORTGAGE, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This case arises out of the alleged wrongful foreclosure of the plaintiff's real property located in Fort Bend County, Texas.  Pending before the Court is the defendants', Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank, National Association, as Successor Trustee to Wachovia Bank, N.A., as Trustee for the Holders of the MASTR Alternative Loan Trust 2003-7 (the "Trustee"), (collectively, the "defendants"), motion for summary judgment (Dkt. No. 8). The plaintiffs, Beverly Johnson and Aaron Dale Johnson (the "plaintiffs"), have filed a response in opposition to the motion (Dkt. No. 9) and the defendants have filed a reply in support of their motion for summary judgment as well as a motion for leave to file additional evidence, which this Court granted on September 13, 2016.[1]  (*See* Dkt. Nos. 11 & 15).  After having carefully considered the motions, response, reply, the record and the applicable law, the Court determines that the defendants' motion for summary judgment should be **GRANTED**.

---

[1] The defendants have also filed an objection to the plaintiffs' Exhibit 11 as irrelevant and outside the scope of the plaintiffs' pleadings.  Because the Court finds the document to be beyond the scope of the plaintiffs' pleadings and not properly before it, the defendants' objection to Ex. 11 is sustained.  (*See* Dkt. No. 10).  Similarly, the plaintiffs attempts to allege claims and/or defenses not asserted or initially raised in their complaint will be disregarded as not properly before the Court.

## II. FACTUAL BACKGROUND AND PROCEDURAL OVERVIEW

On August 28, 2003, the plaintiffs purchased the real property located at 2911 Taylors Glen Ct., Katy, Texas 77494 (the "Property"). The Property's purchase was financed by a loan from Countrywide Home Loans, Inc. ("Countrywide") comprised of a Note in the principle amount of $349,750.00 (the "Note") payable to Countrywide. Simultaneously with the execution of the Note, the plaintiffs executed a Deed of Trust, conveying a security interest in the Property to Countrywide. The Deed of Trust expressly authorizes Mortgage Electronic Registration Systems, Inc. ("MERS"), to act as the beneficiary, solely as a nominee for Countrywide, its successors, and assigns. The Note and Deed of Trust were subsequently recorded in the Fort Bend County Property Records on July 19, 2004.

Sometime in 2009, the plaintiffs defaulted on their obligations under the Note and Deed of Trust and attempted to remedy their default by tendering less than the total amount due and owing. Their offer, however, was refused and the plaintiffs made no further payments thereafter. On August 7, 2009, the defendants, through their foreclosure counsel, notified the plaintiffs of their intent to accelerate the loan, setting the Property for a foreclosure sale on September 11, 2009.

On November 28, 2011, Countrywide assigned its interests in the Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP ("Bank of America"). The assignment to Bank of America was recorded in the Fort Bend County Property Records on December 1, 2011. On December 12, 2011, Bank of America sent another Notice of Default to Beverly Johnson. The Notice of Default sought only the past due balance on the mortgage rather than the entire balance due and owing on mortgage. Specifically, the Notice of Default stated that "[i]f the default is not cured

on or before January 11, 2012, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." (Dkt. No. 8, Ex. 6).

On April 5, 2012, Bank of America assigned its interest in the Deed of Trust to the Trustee (the "Trustee Assignment"). The Trustee's Assignment was recorded in the Fort Bend County Real Property Records on April 12, 2012. On May 5, 2015, the Property was sold at a foreclosure sale. The current mortgagee listed on the Substitute Trustee's Deed is MASTR Alternative Loan Trust 2033-7 Mortgage Pass Through Certificates, Series 2003-7, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee W/A/T/A U.S. Bank National Association, as Successor Trustee to Wachovia Bank, N.A., as Trustee for the Holders of the MASTR Alternative Loan Trust 2003-7.

On June 11, 2015, the plaintiffs initiated an action against the defendants in the 400th Judicial District Court of Fort Bend County, Texas seeking a declaratory judgement: (1) that the lien and power of sale against their homestead has expired; (2) that the May 2015 foreclosure sale was wrongful and improper; and (3) to quiet title in their names. The plaintiffs also assert violations of the Texas Debt Collection Act ("TDCA") and the Fair Debt Collection Practices Act, 15 U.S.C § 1692e(5) ("FDCPA"), against the defendants and seek to prevent them from engaging in any future foreclosure or collection activity. On June 19, 2015, the defendants timely removed the state court action to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1331.

### III.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the

party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS AND DISCUSSION

### A. Acceleration and Abandonment

The plaintiffs seek a declaratory judgment that the applicable four-year statute of limitations barred the defendants' foreclosure of the Property. Specifically, the plaintiffs contend that the defendants' right to foreclose on the Property expired on August 7, 2013, because the loan was accelerated four years prior, on August 7, 2009. The defendants, however, do not dispute that the loan was accelerated, but rather contend that the acceleration was abandoned prior to the

running of the four-year statute of limitations period. Accordingly, the defendants maintain that they are entitled to a summary judgment on all of the plaintiffs' claims.

Section 16.035 of the Texas Civil Practice & Remedies Code sets forth the limitations period applicable to real property actions in Texas. Pursuant to Tex. Civ. Prac. & Rem. Code § 16.035(b), "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b); *Clawson v. GMAC Mortg., LLC f/k/a GMAC Mortg. Corp.*, Civil Action No. 3:12–CV–00212, 2013 WL 1948128, at *2 (S.D. Tex. May 9, 2013.). Section 16.035(d) also provides that "[o]n the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d). With regard to the accrual date for limitations purposes, section 16.035(e) provides that for a note or obligation payable in installments and otherwise secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." Tex. Civ. Prac. & Rem. Code § 16.035(e); *see also Callan v. Deutsche Bank Trust Co. Ams.*, 11 F. Supp.3d 761, 767 (S.D. Tex. 2014). Further, where, as here, the note or deed of trust contains an optional acceleration clause, the statute of limitations begins to accrue "when the holder actually exercises its option to accelerate." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

Acceleration, nevertheless, can be abandoned "by agreement or other action of the parties," which has "the effect of restoring the contract to its original condition, thereby restoring the note's original maturity date for purposes of accrual." *Boren*, 807 F.3d at 104 (citing *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist.] 2012, no pet.) (internal

quotations and citations omitted)). Such actions can include accepting payments of less than the amount due upon acceleration, without pursuing any available remedies upon maturity. *Boren*, 807 F.3d at 104. Moreover, § 16.038 of the Tex. Civ. Prac. & Rem. Code permits a lender to unilaterally rescind the acceleration of a loan. Tex. Civ. Prac. & Rem. Code § 16.038(a).

In this case, the summary judgment evidence establishes that while the defendants declared their intent to accelerate the loan on August 7, 2009, they, nevertheless, manifested their intention to abandon the acceleration when they issued a new Notice of Default to the plaintiffs on December 12, 2011. The new Notice of Default sought only the past due balance on the mortgage; it did not declare that the entire balance of the mortgage was due and owing. Specifically, the Notice of Default provided, "[i]f the default is not cured on or before January 11, 2012, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." (Dkt. No. 8, Ex. 6). Thus, the limitations period was reset upon the defendants' issuance of the new Notice of Default on December 12, 2011 and the foreclosure sale date of May 5, 2015 was well within the four-year limitations period.[2] Further, the fact that the plaintiffs may have had a loan request modification pending at the time of the foreclosure sale does not serve to preclude or void the foreclosure. *See Amezcua v. Ocwen Loan Servicing, LLC*, CV No. 5:14-CV-1018-DAE, 2015 WL 671600, at *3 (W.D. Tex. Feb. 17, 2015) (reasoning that plaintiff's allegations that the defendant mortgagee moved forward with the foreclosure sale despite her pending loan

---

[2] To the extent that the plaintiffs maintain that they detrimentally relied on the initial acceleration so as to preclude the defendants' claim of abandonment and cause the statute of limitations to begin to run on the defendants' initial acceleration in August of 2009, the Court determines that the plaintiffs have failed to show detrimental reliance, as they have neither asserted nor presented any evidence that they relied on the acceleration and, thus, incurred legal or financial consequences as a result. *See Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 418 - 19 (5th Cir. 2016).

modification are insufficient to establish the existence of a contract so as to constitute a breach thereof).

Since the plaintiffs' claims to quiet title and for violations of the TDCA and the FDCPA are premised on their contention that the statute of limitations expired prior to the defendants' foreclosure of the Property, those claims also fail matter of law.

**B. Standing**

The plaintiffs also maintain that the defendants lacked standing to foreclose on the Property. While the plaintiffs do not dispute that the Trustee is the last assignee of record to whom the Deed of Trust had been assigned, they, nonetheless, argue that: (1) the assignment to the Trustee was not timely made under the pooling and servicing agreement ("PSA") and, thus, is void; and (2) the name of the current mortgagee on the Substitute Trustee's Deed is inconsistent with that of the Trustee of record, and, therefore, renders the foreclosure sale void. The defendants, in contrast, contend that the plaintiffs do not have standing to challenge the timeliness of the assignment of the mortgage to the Trustee pursuant to the PSA and that any inconsistencies in the description of the mortgagee reflects nothing more than a clarification of the proper current codification of the Trustee rather than an assignment to a different party and does not render the foreclosure sale void. This Court agrees.

The Fifth Circuit in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, established that under Texas law, borrowers, like the plaintiffs, "[had] no right to enforce [the PSA's] terms unless they [were] its intended third-party beneficiaries." 735 F.3d 220, 228 (5th Cir. 2013). It further concluded that even if the borrowers were third-party beneficiaries, such status, without more, would only give them the right to sue for a breach of the PSA, not automatically render the assignments void. *Id.* Here, the plaintiffs have neither argued that they are third-party

beneficiaries nor have they presented any evidence to establish that the parties to the PSA intended any benefit to them. Thus, this Court determines that the plaintiffs lack standing to challenge the timeliness of any assignment, whether to the Trustee or otherwise, under the PSA.

Likewise, the plaintiffs' contention concerning the mortgagee's description also fails. Indeed, it is undisputed that the Deed of Trust was assigned by Bank of America to U.S. Bank, National Association, as Successor Trustee to Wachovia Bank, N.A., as Trustee for the Holders of the MASTR Alternative Loan Trust 2003-7. (Dkt. No. 8, Ex. 5). The Substitute Trustee's Deed also conveys the Property to the same entity, but denotes a new preferred nomenclature. The current mortgagee is listed on the Substitute Trustee's Deed as, "MASTR Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-7, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee **W/A/T/A** U.S. Bank National Association, as Successor Trustee to Wachovia Bank, N.A., as Trustee for the Holders of the MASTR Alternative Loan Trust 2003-7." (*Id.*, Ex. 9). The description on the Substitute Trustee's Deed reflects that the two nominally different descriptions are for the same entity. The phrase "W/A/T/A" stands for "Who Acquired Title As" and permits the preferred name categorization while also denoting that no change in ownership has occurred.

## V.     CONCLUSION

Based on the foregoing discussion and analysis, the defendants' motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 31st day of March, 2017.

_____
Kenneth M. Hoyt
United States District Judge